**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, § § § <br> Plaintiff, § § <br> v. § § § <br> TEXAS TECH CONNECT LLC, a Texas limited § liability company; THE RHOMBUS TECHS LLC, § a Texas limited liability company; VAP TECHS § LLC, a Texas limited liability company; HPC § TECHS LLC, a Texas limited liability company; § ESCUTCHEON TECHNOLOGIES, LLC, a Texas § limited liability company; COM CONNECT IT § SERVICES, LLC, a Texas limited liability § company; IOD TECHS LLC, a Texas limited § liability company; AMD TECH SOLUTIONS, § LLC, a Texas limited liability company; WAP IT § SERVICES, LLC, a Texas limited liability § company, DILIP BOSE, an individual; RITIKA § ARORA, an individual; MOHIT ARORA, an § individual; and JOHN DOES 1-10. § § <br> Defendants. § | Case No. 17-cv-00813-ALM |

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to Federal Rule of Procedure 26(f) and this Court's January 4, 2018 Order Governing Proceedings (ECF No. 27), Plaintiff Microsoft Corporation ("Microsoft") and Defendants Dilip Bose, Ritika Arora, Mohit Arora, Texas Tech Connect LLC, The Rhombus Techs LLC, VAP Techs LLC, HPC Techs LLC, Escutcheon Technologies LLC, Com Connect It Services, LLC, IOD Techs LLC, AMD Tech Solutions LLC, and WAP It Services LLC (collectively "Defendants") hereby file this joint report of the parties' Rule 26(f) conference.

    1.    **A brief factual and legal synopsis of the case**

        a)    <u>Microsoft's Position</u>:  As outlined in Microsoft's Complaint (ECF No. 1), Defendants engaged in a scheme to defraud Microsoft and its customers by selling fraudulent

1

technical repair services to victims throughout the United States. Defendants' scheme started with pop-up advertisements injected or installed via programs on victims' computers. These ads informed victims that the Microsoft software on the computer had serious issue needing attention and warned of dire consequences to their computer and personal information if the issue was not fixed. The ads directed the victims to call Defendants' phone number and when they did, Defendants took remote control of the victim's computer and ran sham "tests" on the victims' computers, purportedly "confirming" the serious security issue. Defendants cloaked their scheme in false claims that they are affiliated with Microsoft, including using Microsoft's trademarks. All of Defendants' representations are false and designed to deceive victims into purchasing Defendants' phony technical services to solve nonexistent problems.

Microsoft brings this action to hold Defendants accountable for their action and protect its customers and its brand. Microsoft brings claims for deceptive telemarketing in violation of the: (i) Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(a)(2) and 6104(a); (ii) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (iv) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (v) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (vi) common law trademark infringement and unfair competition. Microsoft seeks damages and injunctive relief.

    b) <u>Defendants' Position</u>: Defendants deny the bulk of Plaintiff's allegations. (ECF No. 26). Specifically, Defendants deny causing pop-up advertisements to appear on computers of others. Defendants did not direct consumers to call for technical computer support. Defendants deny taking control of computers of others for any purpose. Defendants deny they sold or provided technical support computer services to others. At no time have Defendants represented they are affiliated with Microsoft nor have they used Microsoft's trademarks.

  **2.**  **The jurisdictional basis for this suit**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Microsoft's claims for trademark infringement under 15 U.S.C. § 1116(a), false designation of origin, false association, and unfair competition pursuant to 15 U.S.C. § 1125(a), trademark dilution pursuant to 15 U.S.C. § 1125(c), and violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act pursuant to 15 U.S.C. §§ 6102 and 6104. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Microsoft's state law claims because they arise under the same common nucleus of operative facts as Microsoft's claims under federal law.

This Court has personal jurisdiction over Defendants because each resides in the State, conducts business in the State and a substantial part of Defendants' actions giving rise to this suit occurred in the State.

**3.     A list of the correct names of the parties and any anticipated additional or potential parties**

a)     <u>Plaintiff</u>: Microsoft Corporation. Microsoft may join additional parties as defendants to this lawsuit based on ongoing discovery into the scope of Defendants' conduct as alleged in Microsoft's Complaint (ECF No. 1).

b)     <u>Defendants</u>: Texas Tech Connect LLC, The Rhombus Techs LLC, VAP Techs LLC, HPC Techs LLC, Escutcheon Technologies LLC, Com Connect IT Services LLC, AMD Tech Solutions LLC, WAP IT Services LLC, Dilip Bose individually and d/b/a IOD Techs LLC, Ritika Arora and Mohit Arora. Defendants do not anticipate joining any additional parties at this time.

**4.     A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases**

<u>*State of Texas v. AMD Tech Solutions LLC, et al.*, Cause No. D-1-GN-17-006342, Travis County District Court</u> — Filed concurrently with this case, the Texas Attorney General's Office brought a civil enforcement action against many of the same defendants before this Court and based on substantially the same conduct. The court granted the State's ex parte motion for a

temporary restraining order, and in doing so, froze many of Defendants' assets. Defendants agreed to entry of a temporary injunction.

    **5.**    **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed**

    a)    <u>Microsoft</u>: Microsoft confirms that it made the mandatory disclosures required by Rule 26(a)(1) and the Court's January 4, 2018 Order Governing Proceedings (ECF No. 27).

    b)    <u>Defendants</u>: Federal authorities seized computers and business records of Defendants on November 21, 2017 thus impeding the production of possibly relevant information. Otherwise, Defendants confirm that they made the mandatory disclosures required by Rule 26(a)(1) and the Court's January 4, 2018 Order Governing Proceedings (ECF No. 27).

    **6.**    **Proposed scheduling order deadlines**

The Parties believe that the case deadlines set forth in Appendix 1 to the Court's January 4, 2018 Order Governing Proceedings (ECF No. 27) should be extended by four months. As disclosed in Section 4 (above), the State of Texas has also brought a civil enforcement action against nearly all of the Defendants in this action. Further, Defendants have disclosed to Microsoft that they may be under criminal investigation by federal authorities for conduct relating to the allegations in Microsoft's lawsuit (among other things). In addition to the complexity added by the state and federal actions, at least some of the evidence and witnesses involved in the case are in India and Microsoft requires sufficient time to conduct discovery into the scope of Defendants' alleged scheme to, among other things, gather and evaluate extra-territorial evidence and identify any additional defendants. Accordingly, the Parties request that the case schedule be extended by roughly four (4) months from the deadlines outlined in Appendix 1, as shown below:

| Event | Deadlines from Appendix 1 | Requested Deadlines |
|---|---|---|
| Deadline for motions to transfer | March 5, 2018 | March 5, 2018 |

| Deadline to add parties | April 9, 2018 | August 9, 2018 |
|---|---|---|
| Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. | Six weeks prior to scheduled mediation | N/A (already agreed upon) |
| Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) | May 7, 2018 | September 7, 2018 |
| Deadline for Plaintiff to file amended pleadings<br>(A motion for leave to amend is required.) | May 21, 2018 | September 21, 2018 |
| Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) | June 4, 2018 | October 5, 2018 |
| Deadline for Defendant's final amended pleadings<br>(A motion for leave to amend is required.) | June 4, 2018 | October 5, 2018 |
| Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. | 6 weeks after disclosure of an expert is made | 6 weeks after disclosure of an expert is made |
| Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. | September 17, 2018 | January 12, 2018 |
| All discovery shall be commenced in time to be completed by this date. | August 13, 2018 | December 13, 2018 |
| Notice of intent to offer certified records | December 23, 2018 | April 22, 2019 |

| | | |
|---|---|---|
| Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). | December 23, 2018 | April 22, 2019 |
| Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. | December 30, 2018 | April 29, 2019 |
| File Joint Final Pretrial Order | January 5, 2018 | May 3, 2019 |
| Motions in limine due.<br><br>Response to motions in limine due.<br><br>Opposing counsel shall confer in an attempt to resolve any dispute over the motions in limine | January 5, 2018<br><br>January 21, 2018<br><br>January 26, 2018 (or 5 days from filed response date) | May 3, 2019<br><br>May 20, 2019<br><br>May 25, 2019 (or 5 days from filed response date) |
| File objections to witnesses, deposition extracts, and exhibits listed in pre-trial order.<br><br>Opposing counsel shall confer to determine whether | January 21, 2018<br><br>January 26, 2018 (or 5 days from filed response date) | May 20, 2019<br><br>May 25, 2019 (or 5 days from filed |

| | | |
|---|---|---|
| objections can be resolved without a court ruling | | response date) |
| Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas | February 4, 2019 | June 3, 2019 |
| 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between February 4, 2019, and March 1, 2019. A specific trial date in this time frame will be selected at the Final Pretrial Conference | TBD | TBD |

7. **Describe in accordance with Rule 26(f):**

　　　i.　　*The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues*

　　　a)　　<u>Microsoft</u>:  Microsoft anticipates conducting discovery as to the allegations in its Complaint, including without limitation: (1) the operations and ownership of the company defendants; (2) the individual defendants' involvement in the company and the scheme alleged in Microsoft's Complaint; (3) the proceeds of Defendants' unlawful scheme; (4) Defendants' relationships with persons and entities conducting, supervising, managing and profiting from the fraudulent calls; (5) Defendants' advertising and marketing, including the use of pop-up advertisements; (6) Defendants' policies and procedures for conducting support calls; (7) Defendants' communications with its customers; and (8) Defendants' personnel records.

　　　Microsoft does not believe that phased or limited discovery is appropriate or would facilitate the resolution of this case.  There are no discrete legal or factual issues in this case that would warrant limiting other discovery or resolution of which would help resolve this case.

Defendants operated numerous entities that were involved in the technical support scams at issue in this case, as alleged in the Complaint. Microsoft seeks full discovery of Defendants' conduct, but is willing to work with Defendants to efficiently obtain the information it seeks.

   b) <u>Defendants</u>: Defendants anticipate conducting discovery into the basis for Microsoft's Complaint (ECF No. 1), including without limitation: (1) the persons, documents and data upon which Microsoft relies for the facts alleged in its Complaint (ECF No. 1); (2) the source of each alleged unauthorized use of a Microsoft trademark.

Defendants believe that phased or limited discovery is appropriate or would facilitate the resolution of this case as to Defendants. Based upon the facts alleged in Microsoft's Complaint (ECF No. 1), it appears that Microsoft has identified technical support scams perpetrated by persons not affiliated with Defendants. Defendants do not have the resources to participate in discovery unrelated to their conduct.

> ii. *Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report*

The Parties do not anticipate any issues relating to ESI, but reserve the right to bring such issues to the Court's attention should they arise during discovery.

> iii. *Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.*

The Parties request entry of the attached Protective Order, which is substantially similar to the model order used in the Eastern District of Texas. In light of the pending federal criminal

investigation of Defendants, the Defendants have alerted Plaintiff to the possible assertion as to some discovery of the privilege against self-incrimination under the Fifth Amendment to the U.S. Constitution.

> iv. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

The Parties do not request any changes to the discovery rules, but reserve the right to bring such issues to the Court's attention should they arise during discovery. In particular, but only if the parties cannot agree, Microsoft may seek leave to conduct more than 10 depositions. Microsoft has named 13 companies and individuals, and may need to depose each defendant, other fact witnesses, and any experts Defendants intend to call to testify at trial. Microsoft will bring this issue to Defendants' (and if necessary, the Court's) attention as soon as possible should 10 depositions not suffice.

> v. Whether any other order should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

The Parties do not anticipate at this time that orders pursuant to Rules 16(b), 16(c), or 26(c) of the Federal Rules of Civil Procedure are necessary, but reserve the right to bring such issues to the Court's attention should they arise during discovery.

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon**

The Parties have discussed settlement, but Microsoft has not made a demand nor have Defendants made an offer.

The Parties agree to use Tom Collins, 1301 West 25th Street, Suite 530, Austin, Texas, (512) 474-2744 as a mediator in this matter.

The Parties have discussed the timing for mediation, and have both expressed a desire for

an early mediation. However, the Parties both want to mediate at a time when both Parties have sufficient information to appropriately weigh settlement. Among other things, Microsoft desires to conduct discovery into Defendants operations and dispersion of their proceeds before mediating. Defendants need time to evaluate settlement in light of the State's enforcement action, and the pending federal criminal investigation. As such, the Parties have agreed to mediate this matter on or before October 15, 2018, with the hope that mediation occurs before that date.

9. **The identity of the persons expected to be deposed**

a) <u>Microsoft</u>: Microsoft anticipate deposing the named defendants in this case, along with Defendants' employees, agents or other persons involved in the conduct alleged in Microsoft's Complaint.

b) <u>Defendants</u>: Defendants anticipate deposing Microsoft employees, agents or other persons upon which Microsoft relies for the facts alleged in the Complaint.

10. **Estimated trial time and whether a jury demand has been timely made**

The parties expect trial in this matter to last 5 days.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client)**

a) <u>Microsoft</u>: Bonnie E. MacNaughton (Davis Wright Tremaine LLP); John R. Nelson (Locke Lord LLP).

b) <u>Defendants</u>: J. Gordon McHaney, Catherine Kyle (Chamberlain McHaney).

12. **Whether the parties jointly consent to trial before a magistrate judge**

The Parties do not jointly consent to a trial before a magistrate judge.

13. **Any other matters counsel deem appropriate for inclusion in the joint conference report or that deserve special attention of the Court at the management conference**

None.

DATED this 8th day of February, 2018.

Respectfully submitted,

*/s/ Bonnie MacNaughton*
Bonnie MacNaughton (admitted *pro hac*)
James H. Wendell (admitted *pro hac*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 757-3150 (Telephone)
(206) 757-7700 (Facsimile)
bonniemacnaughton@dwt.com
jamiewendell@dwt.com

John R. Nelson
  State Bar No. 00797144
Stephen J. Humeniuk
  State Bar No. 24087770
LOCKE LORD LLP
600 Congress, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
jnelson@lockelord.com
stephen.humeniuk@lockelord.com

**ATTORNEYS FOR PLAINTIFF MICROSOFT CORPORATION**

*/s/ J. Gordon McHaney*
J. Gordon McHaney
  State Bar No. 13670100
Catherine L. Kyle
  State Bar No. 11778600
CHAMBERLAIN ♦ MCHANEY
301 Congress Ave., 21st Floor
Austin, Texas 78701
Tel. (512) 474-9124
Fax (512) 474-8582
gmchaney@chmc-law.com
ckyle@chmc-law.com

**ATTORNEYS FOR DEFENDANTS**